# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS ANDREWS,

    Defendant.

Case No. CR2-08-204
JUDGE GREGORY L. FROST

## ORDER

This matter came on for consideration upon Defendant's Motion to Dismiss the Indictment (ECF No. 18), the Government's Motion [*sic*] in Opposition to Defendant's Second Motion to Dismiss (ECF No. 24), and Defendant's Reply to the Government's Memorandum in Opposition to his Motion to Dismiss the Indictment (ECF No. 25).

For the reasons that follow, the Court finds Defendant's Motion to Dismiss the Indictment to be well taken and the Court **GRANTS** the same.

## I. FACTS

Defendant was indicted on October 21, 2008 for being a felon in possession of a firearm. (ECF No. 2). On October 22, 2008 a warrant was issued for Defendant's arrest (ECF No. 3). Defendant was then serving a state court imposed sentence of 17 months. Despite the fact that the warrant remained outstanding, Defendant was released from state custody on December 20, 2009. Because Defendant was a sex offender, he had an obligation to register under Ohio law and he did so with the Franklin County Sheriff's Office on a regular basis. Also, during the period of time after his release from the above stated prison term, Defendant had several run-ins

1

with law enforcement officers. Defendant was arrested and charged with failure to update his address for which he received a twelve month sentence of imprisonment. Defendant was arrested for driving under suspension and failure to comply with a lawful order of a police officer for which he received a three day suspended jail sentence. Defendant was arrested for carrying a concealed weapon and having a weapon while under disability for which Defendant was sentenced to serve a twelve month term of imprisonment which was ordered to be served concurrently with the failure to update sentence. After serving nine months of that concurrent sentence Defendant was informed on November 1, 2011 of the federal warrant that had been lodged against him on November 1, 2011. Thirty-eight days later Defendant filed a *pro se* motion to dismiss the federal indictment (ECF No. 5) based upon speedy trial violations. Defendant completed his state court sentence on January 2, 2012 and was transferred to federal custody. The Federal Public Defender was appointed to represent Defendant. The *pro se* motion to dismiss was withdrawn and the pending motion was filed to properly present the speedy trial issue to the Court.

## II. APPLICABLE LAW

No one disputes that the delay between indictment and lodging the federal detainer was 38 months. Likewise, no one disputes the law that applies to this case. In *Barker v. Wingo*, 407 U.S. 514, 530 (1972), the United States Supreme Court articulated four factors that courts must consider in determining whether a defendant's constitutional right to a speedy trial has been violated: (1) whether the delay was uncommonly long; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether prejudice resulted to the defendant. And, as pointed out by Defendant, none of the four *Barker* factors is either necessary

or sufficient individually, to support a finding that a defendant's speedy trial right has been violated; rather, the factors are related and must be "considered together with such circumstances as may be relevant." *Id*, at 533.

The fourth *Barker* factor was further refined twenty years later in the case of *Doggett v. United States*, 505 U.S. 647. In that case the United States Supreme Court introduced the concept of "presumed prejudice" when it held that if a defendant is not attempting to avoid detection and the government makes no serious effort to find him, the government is considered negligent in its pursuit, where the delay is especially lengthy, the court may presume that the delay has prejudiced the defendant in satisfaction of the fourth factor. *Id.* at 653-655. A defendant may show actual prejudice or presumed prejudice. Contrary to the assertions of the Government in this case, where a defendant is relying on presumed prejudice, the burden does not shift to the Government to establish that there was no actual prejudice. It is clear that the prejudice inquiry, whether actual or presumed, are two distinct questions. A defendant may rely on presumed prejudice and, if shown, the prejudice prong of the four-pronged *Baker* test is met. If the Governments arguments were correct, then the indictment in *Doggett* would not have been dismissed because it is obvious from a reading of *Doggett* that Doggett was not actually prejudiced by the delay.

With this legal framework in mind, the Court must now balance the four *Barker* factors.

### III. ANALYSIS

**A.    Length of delay**

The length of delay from indictment to the notice Defendant received that a federal detainer had been issued was 38 months. Both Defendant and the Government agree that

3

because the length of delay is more than one year, further review of the remaining three factors is necessary. The Sixth Circuit has explained in *United States v. Ferreira*, 665 F.3d 701 (6th Cir. 2011), that:

> The length of the delay "is a threshold requirement, and if the delay is not uncommonly long, judicial examination ceases." *Id.*; see also *Barker*, 407 U.S. at 530, 92 S.Ct. 2182 ("The length of the delay is to some extent a triggering mechanism."). The delay must "cross[] the threshold dividing ordinary from 'presumptively prejudicial' delay." *Grits v. Yanai*, 600 F.3d 576, 588 (6th Cir. 2010) (quoting *Doggett v. United States*, 505 U.S. 647, 651-52, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992)). If it does not, then "judicial examination ceases." *Robinson*, 455 F.3d at 607. A delay of one year or more crosses the threshold and triggers analysis of the remaining *Barker* factors. *Id.*

The first factor weighs in favor of Defendant.

**B.     The reason for delay**

The Government seeks to explain the reason for delay as an "oversight." Given Defendant's contacts with law enforcement officials during the 38 month delay, that characterization is an understatement. Defendant was arrested and charged with various crimes during the lengthy delay. Defendant registered as a sex offender several times. Defendant appeared in court on at least three occasions and was sentenced to prison on two occasions. Defendant did not attempt to hide from the authorities but, rather, was frequently engaged with law enforcement officers and the courts. This Court does not mean to say that the delay was motivated by bad faith, harassment, or an attempt to seek a tactical advantage. However, to characterize the cause for delay as an "oversight" ignores the realities of the circumstances surrounding the delay.

This Court finds that the Government was grossly negligent in executing the warrant. If Defendant had not had so much contact with the authorities during the 38 months in question,

this Court could accept that the Government was merely negligent. But, under the facts presented which are uncontroverted, the Court must find that the Government was grossly negligent in apprehending Defendant.

The second factor weighs in favor of Defendant.

### C. Defendant's assertion of his rights

It is also uncontroverted that Defendant timely asserted his rights. Within thirty-eight days after learning of the federal detainer, Defendant filed his *pro se* motion claiming a violation of his constitutionally protected right to a speedy trial.

This factor also weighs in favor of Defendant.

### D. Actual prejudice/presumed prejudice

Defendant argues that he was actually prejudiced by the delay because if he had been brought to trial within a reasonable length of time, presumably one year, he could have argued for a concurrent prison term with the state court sentence imposed. The Court rejects that argument as has the Sixth Circuit Court of Appeals. In *United States v. White*, 985 F.2d 271, 276 (6th Cir. 1993), a case involving an eleven month delay, the Court ruled:

> Full service of state sentence, thereby preventing defendant from having state and federal sentences run concurrently is not sufficient to constitute "substantial prejudice" for purposes of speedy trial analysis under the Sixth Amendment.

Defendant fails to identify and this Court finds that Defendant suffered no actual prejudice from the delay.

The Court does, however, find that Defendant is presumed to have been prejudiced by the 38 month delay. In their briefing, counsel did a good job of compiling cases finding presumed prejudice and cases declining to find presumed prejudice.

There is no definite time period that has been set out as enough to presume prejudice. Cases which have found presumed prejudice are: *United States v. Shell*, 974 F.2d 1035, 1036 (9th Cir. 1992) (finding five years is enough); *United States v. Bergfeld*, 280 F.3d 486, 491 (5th Cir. 2002) (also finding five years is enough); *United States v. Brown*, 169 F.3d 344, 351 (6th Cir. 1999), (another finding five years is enough); *United States v. Eranas-Luna*, 560 F.3d 772, 780 (8th Cir. 2009) (finding that three years is sufficient) and finally *United States v. Ingram*, 446 F.3d 1332, 1339-40 (11th Cir. 2006) (finding two years is enough).

However, in *United States v. Serna-Villarreal*, 352 F.3d 225, 232 (5th Cir. 2003), the Fifth Circuit found three years and nine months is not enough and in *United States v. Jackson*, 473, F.3d 660, 668 (6th Cir. 2007), the Sixth Circuit found a twenty-month delay was not enough.

This Court finds instructive the two Sixth Circuit Court of Appeals decisions of *United States v. Ferreira*, supra, and *Dixon v. White*, 210 F. Appx. 498 (6th Cir. 2007). In *Ferreira*, the Court of Appeals found the 35 month delay to be presumptively prejudicial. And, as in this case, the Court found the delay to be the result of gross negligence. In *White*, a habeas corpus action, the Court found a 42 month delay to be presumed prejudicial. The Court in *White* did not characterize the Government's delay as based on negligence or gross negligence but did note that the delays were "largely attributable to the State."

This Court finds that the 38 month delay was uncommonly long, that it was not due to any fact attributable to Defendant, and the Government was grossly negligent in not apprehending Defendant and bringing him to trial. This Court finds presumed prejudice. This factor therefore weighs in favor of Defendant.

6

## IV.  CONCLUSION

All four *Baker* factors weigh in favor of Defendant.  The length of delay of over one year is presumptively prejudicial and warrants review of the remaining three factors.  The Government grossly failed in its duties to apprehend Defendant given the fact that Defendant had several contacts with law enforcement authorities during the 38 month delay.  Defendant timely and properly asserted his rights once he became aware of the federal detainer.  And, finally, this Court presumes prejudice given the lengthy delay.  The longer the delay that is traceable to the Government, the more prejudice that will be presumed.  *Wilson v. Mitchell*, 250 D.3d 388, 396 (6th Cir. 2001).  All of the delay here is traceable to the Government.

Because all of the factors weigh in favor of Defendant and none of the factors weigh in favor of the Government, this Court finds Defendant's Motion to be well taken and the Court **GRANTS** the same.

The Indictment is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

       /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE